# In the United States Court of Federal Claims

(Pro Se)

|  |  |  |
|---|---|---|
| GARY E. MADDOX, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  24-742 |
| v. | ) | (Filed: November 22, 2024) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>Gary E. Maddox, Jr.</u>, pro se, Providence, RI.

<u>Bryan M. Byrd</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom were <u>L. Misha Preheim</u>, Assistant Director, <u>Patricia M. McCarthy</u>, Director, and <u>Brian M. Boynton</u>, Principal Deputy Assistant Attorney General, for Defendant.

## <u>OPINION AND ORDER</u>

**KAPLAN, Chief Judge.**

      In this lawsuit, the pro se plaintiff, Gary E. Maddox, Jr., challenges actions that the Clerk's Office of the United States Supreme Court ("the Clerk's Office") took in processing a petition for a writ of certiorari and petition for rehearing that he filed in <u>Maddox v. Maryland Parole Commission</u>, 144 S. Ct. 824 (2024). According to Mr. Maddox, the Clerk's Office altered a document that he submitted for filing by omitting pages that were contained in the original, and then placed the altered document on the Supreme Court's docket. Am. Compl., Docket No. 9, at 2. He contends that these actions reflect a violation of judicial codes of conduct and rules of the Supreme Court, as well as provisions of Title 18 of the U.S. Code. <u>Id.</u> at 3–4. He also contends that by docketing the allegedly altered document, the Clerk's Office committed a breach of contract and effected a Fifth Amendment taking of his property without just compensation. <u>Id.</u> at 2–3.

      Currently before the Court is the government's motion to dismiss Mr. Maddox's complaint in accordance with RCFC 12(b)(1) or, in the alternative, RCFC 12(b)(6). Docket No. 12. Also pending is Mr. Maddox's Motion for a Default Judgment, Docket No. 13. For the reasons set forth below, government's motion to dismiss is **GRANTED**. Plaintiff's Motion for a Default Judgment is **DENIED** as moot.

## BACKGROUND[1]

### I.     Mr. Maddox's Supreme Court Case

On January 10, 2024, Mr. Maddox filed a petition for a writ of certiorari to the United States Court of Appeals for the Fourth Circuit. Id. at 3; Petition for a Writ of Certiorari, Maddox v. Maryland Parole Commission, 144 S. Ct. 824 (2024) (No. 23-759). He sought review of the Fourth Circuit's unpublished decision affirming the ruling of the U.S. District Court for the District of Maryland granting summary judgment against Mr. Maddox with respect to claims he sought to pursue under 42 U.S.C. § 1983. See Maddox v. Parole Commission of Maryland, No. 23-6632, 2023 WL 8110146 (4th Cir. November 22, 2023); Maddox v. Parole Commission of Maryland, No. 22-1759, 2023 WL 3645536 (D. Md. May 25, 2023).

The Supreme Court denied Mr. Maddox's petition for certiorari on February 20, 2024. Maddox v. Maryland Parole Commission, 144 S. Ct. 824 (2024). Thereafter, Mr. Maddox forwarded a Petition for Rehearing to the Clerk's Office for filing. Am. Compl. at 5. The Supreme Court's docket reflects that the Petition for Rehearing was entered on the docket on March 13, 2024. Maddox v. Maryland Parole Commission, No. 23-759 (Sup. Ct. 2024).[2] In the Petition, Mr. Maddox contended, among other things, that the Court should reconsider its denial of certiorari because—at the time he filed his petition for a writ of certiorari—"the evidence to support [his] claims was not available." Petition for Rehearing at 1, Maddox v. Maryland Parole Commission, 144 S. Ct. 2576 (2024) (No. 23-756). He further stated that he had "managed to recover a copy of the evidenc[e]" and that he was "entering [it] with this document." Id.

By letter of March 13, the Clerk's Office advised Mr. Maddox that the motion for leave to file in forma pauperis that he filed with his Petition for Rehearing did not comply with the Court's rules. Am. Compl. App. at 16a. The Clerk's Office also returned two compact discs that were included with the Petition for Rehearing to Mr. Maddox because, it told him, the Court's rules made no provision for filing portions of a petition in an electronic format. Id. The Clerk advised Mr. Maddox to correct these issues and resubmit a corrected Petition as soon as possible. Id.

Thereafter, Mr. Maddox apparently attempted to file a "Motion to Publish Evidence," which the Clerk's Office received on March 22, 2024. Am. Compl. App. at 10a–12a. In the Motion, Mr. Maddox requested that the Court accept the two discs into evidence in accordance with Fed. R. Evid. 1002. Id. at 10a. According to Mr. Maddox, the Clerk's Office "then held the motion and [the two compact discs] from March 18 to May 1" without docketing them. Am. Compl. at 5. Mr. Maddox attempted to contact the Clerk's Office by phone and email about its

---

[1] The facts set forth in this section are based on the allegations in Mr. Maddox's amended complaint, which the Court accepts as true for purposes of ruling on the government's motion to dismiss. The Court has also considered the documents that Mr. Maddox submitted with the Appendix to his Amended Complaint (hereinafter "Am. Compl. App.").

[2] The Supreme Court's docket for Mr. Maddox's case can be found at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/23-759.html.

failure to docket the Motion to Publish Evidence but received no response. <u>Id.</u>; <u>see also</u> Am. Compl. App. at 13a–14a (correspondence from Mr. Maddox to Scott Harris, Clerk of Court).

On April 26, Mr. Maddox came to the Clerk's Office in person to discuss the docketing of the Motion. Am. Compl. at 5–6. Mr. Maddox alleges that he was told that his Motion was being handled by Danny Bickell, an employee of the Clerk's Office, and that the evidence (i.e., the compact discs) would be made available to the Justices before they ruled on his Petition for Rehearing at an upcoming conference. <u>Id.</u> at 6.

Notwithstanding what Mr. Maddox alleges he was told, the compact discs were not accepted. Instead, by letter of May 1, Mr. Bickell returned the two compact discs to Mr. Maddox. Am. Compl. App. at 15a. He advised Mr. Maddox that, as a court with appellate jurisdiction, the Supreme Court's rules did not permit the introduction of new evidence. <u>Id.</u>

Mr. Maddox alleges that on May 13 he then went to the Supreme Court and spoke to Mr. Bickell in person and that he recorded the conversation. Am. Compl. at 7. According to Mr. Maddox, he "voiced his concerns about the impedance [sic] of the judicial process." <u>Id.</u> He explained that it was getting close to the date when the justices would hold a conference on his Petition for Rehearing (May 16). <u>Id.</u> According to Mr. Maddox, Mr. Bickell told him to "rewrite" the motion and return it to the Supreme Court along with the compact discs. <u>Id.</u>

On May 14, 2024, Mr. Maddox returned to the Supreme Court in person to deliver a motion to supplement the Appendix with the compact discs. <u>Id.</u> He alleges that he hand delivered the document and discs to the document receiving section of the Clerk's Office and was given a set of received stickers to place on his copy and the copy to be filed with the Clerk's Office. <u>Id.</u> at 7–8.

However, according to Mr. Maddox, when he viewed the document on the Supreme Court's docket on May 16, it had been "drastically altered." <u>Id.</u> at 8. Specifically he alleges, "the motion and its substance have been removed from the document, the sworn declaration has been removed and the document is only presented as a supplement to the appendix without the motion[']s legal request." <u>Id.</u>

On May 20, 2024, the Supreme Court denied Mr. Maddox's Petition for Rehearing. <u>Maddox v. Maryland Parole Commission</u>, 144 S. Ct. 2576 (2024).

## II.    The Present Complaint

Mr. Maddox filed his complaint in this case on May 10, 2024. Docket No. 1. In the original complaint, which preceded the Supreme Court's denial of his Petition for Rehearing, he requested that the Court direct the Clerk's Office to docket his Motion to Publish Evidence so that the material he submitted could be considered in deciding his Petition for Rehearing. <u>Id.</u>

On July 10, 2024, Mr. Maddox filed an amended complaint. Docket No. 9. That complaint is the operative pleading for purposes of the government's motion to dismiss, which it filed on September 9, 2024. Docket No. 12.

In the amended complaint, Mr. Maddox alleges that the Supreme Court Clerk's Office violated the code of conduct for judicial employees as well as various provisions of Title 18 by altering his Motion to Supplement the Appendix so that several pages in the original document were left out. Am. Compl. at 3; see also Am. Compl. App. at 4a–9a (alleged to be the complete document); id. at 1a–3a (the document as it appears on the Supreme Court's docket). According to Mr. Maddox, "the motion and its substance" were "removed from the document" as was his "sworn declaration." Am. Compl. at 8. In addition, Mr. Maddox states, "the document" on the Supreme Court's docket "is only presented as a supplement to appendix without the motions [sic] legal request." Id.

Mr. Maddox further contends that by entering what he characterizes as a "forged document" on the docket, the Clerk's Office compromised the integrity of his case, thereby "nullifying the filing fee," which he characterizes as a "contract" because "a person pays the filing fee with the understanding that the government is going to act in accordance with the laws and Code of Conduct provided by the Judicial Conference and Judges." Id. at 4. Mr. Maddox also alleges that the Fifth Amendment's Takings Clause is implicated by the actions of the Clerk's Office "because the document that was taken by the government was altered and made for public use via S.C.O.T.U.S case No. 23-759 paid for by Gary Eugene Maddox Jr. and can be viewed on pacer via World Wide Web." Id. at 2.

As relief, Mr. Maddox seeks reimbursement of the $300 filing fee he paid to the Supreme Court. Id. at 9. He also requests an award of $9,700 "for punitive damages [he] incurred from criminal, ethical and constitutional violations inflicted by the government." Id.

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, as this one is, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

As described above, in his amended complaint, Mr. Maddox seeks review of actions taken by the Clerk's Office at the United States Supreme Court in processing his unsuccessful petition for rehearing. It is well established, however, that the Court of Federal Claims "has no jurisdiction to review the decisions of other courts or their clerks—let alone decisions by the nation's highest court or its clerk." Hicks v. United States, 2011 WL 3319563, at \*3 (Fed. Cl. Aug. 1, 2011) (citing Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994); see also Torres v. United States, 2018 WL 5623597, at \*3 (Fed. Cl. Oct. 30, 2018) (same).

Further, this Court lacks jurisdiction to determine whether individuals in the Supreme Court Clerk's Office violated canons of ethical conduct or the rules of the Supreme Court because neither supplies a source of law that gives rise to a right to money damages for their violation. Nor does this court have jurisdiction to determine whether criminal laws were violated in the processing of Mr. Maddox's case before the Supreme Court. Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (observing that the enforcement of the criminal laws is assigned to courts of general jurisdiction and not to the Court of Federal Claims). The Court also does not have jurisdiction to award punitive damages. Greene v. United States, 65 Fed. Cl. 375, 379 (2005) ("It is well-established that this [c]ourt lacks authority to grant punitive damages." (citing Garner v. United States, 230 Ct. Cl. 941, 943 (1982))); see also Robinson v. United States, 170 Fed. Cl. 125, 130 (2024) (citing Env't Safety Consultants, Inc. v. United States, 95 Fed. Cl. 77, 98 (2010)).

Moreover, while Mr. Maddox has attempted to invoke this Court's jurisdiction under the Tucker Act to hear claims seeking damages for breach of contract or compensation for a Fifth Amendment taking of property, Am. Compl. at 2, 4, his allegations fail to state a claim for relief on either of those bases. See Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002) (noting that a complaint may be dismissed for failure to state a claim under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy"). He cannot claim breach of contract based on his payment of the Supreme Court's filing fee because "the mere payment of a filing fee and other litigation-related expenses does not create a contract between a plaintiff and the United States." Coleman v. United States, 635 F. Appx. 875, 878 (Fed. Cir. 2015); see also Garrett v. United States, 78 Fed. Cl. 668, 671 (2007) ("Plaintiff offers no authority for the proposition that the filing of a complaint by a plaintiff, and the acceptance of that filing by a clerk of court, could constitute the making of a contract with the United States.").

Mr. Maddox has similarly failed to state a claim under the Fifth Amendment's Takings Clause. It provides that "private property" shall not be "taken for public use, without just compensation." U.S. Const. amend. V. Its purpose is to prevent the government "from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Armstrong v. United States, 364 U.S. 40, 49 (1960). But Mr. Maddox does not claim that the allegedly missing pages from his documents were appropriated for a public use. Rather he appears to be alleging that employees of the Clerk's Office altered the documents that he submitted either negligently or deliberately for some unknown purpose. That claim sounds in tort and is therefore outside of this Court's jurisdiction under the Tucker Act. Keene Corp. v. United States, 508 U.S. 200, 214 (1993).

## CONCLUSION

For the reasons set forth above, the government's motion to dismiss based on lack of jurisdiction and failure to state a claim, Docket No. 12, is **GRANTED**. Plaintiff's Motion for a Default Judgment, Docket No. 13, is **DENIED**.

The Clerk is directed to enter judgment accordingly.


_____
ELAINE D. KAPLAN
Chief Judge